**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-03484-RMR

PAUL GALLAGHER,

Petitioner,

v.

JUAN BALTASAR, Warden, Denver Contract Detention Facility;
GEORGE VALDEZ, Acting Field Office Director of ICE;
MARKWAYNE MULLIN, Secretary U.S. Dept. of Homeland Security;
DAVID VENTURELLA, Director of U.S. ICE, and
TODD BLANCHE, Acting U.S. Attorney General,

Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner Paul Gallagher's ("Mr. Gallagher" or "Petitioner") amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 3. Respondents filed a Response to the Petition, ECF No. 19. The Court has reviewed the Petition, Response, and applicable case law. For the reasons stated below, the Petition, ECF No. 3, is DENIED without prejudice with leave to re-file.

## I. BACKGROUND

Petitioner is a native citizen of the United Kingdom. ECF No. 3-1 at 1. He entered the United States in 1989 and was admitted as a lawful permanent resident in 1995. *Id.* On November 30, 2021, Petitioner was convicted for the offense of organized scheme to defraud in an amount more than $20,000 but less than $50,000 in violation of the Florida

Communications Fraud Act (Fla. Stat. § 817.034). ECF No. 3-1 at 11; ECF No. 19 at 2. Petitioner was sentenced to 24 months of imprisonment, and his sentence was suspended for a period of 60 months subject to conditions. ECF No. 3-1 at 13; ECF No. 19 at 2.

On February 11, 2026, the Department of Homeland Security arrested Petitioner and initiated removal proceedings against him by issuing a Notice to Appear ("NTA"). *See* ECF No. 3 at 2, ECF No. 3-1 at 1; ECF No. 19 at 2. On February 27, 2026, an Immigration Judge ("IJ") held a bond hearing and denied Petitioner bond after finding that he was subject to mandatory detention under 8 U.S.C. § 1226(c). ECF No. 19 at 2. The Immigration Judge reasoned that, because Petitioner pled guilty "to Organized Scheme to Defraud in the second degree in violation of section 817.034(4)(a)(2)," Petitioner was "subject to mandatory detention, for being convicted of a qualifying crime." ECF No-1 at 3.On March 13, 2026, Petitioner appealed the Immigration Judge's bond decision. ECF No. 19-2. His appeal is still pending before the Board of Immigration Appeals ("BIA"). *See generally* ECF No. 19-2. Currently, Petitioner is detained at the Denver Contract Detention Facility, in Aurora, Colorado. ECF No. 3 at 1.

In the Petition, Mr. Gallagher "agrees that he has been convicted of a felony and that due to his predicate offense 8 U.S.C. § 1226(c) will govern his apprehension and detention." *Id.* at 2 (cleaned up). However, he argues that (1) his detention is illegal, as he was detained before he fulfilled the noncustodial portion of his state criminal sentence, *id.* at 2-3, and (2) his "prolonged detention" violates his liberty interest under the Fifth Amendment Due Process Right, seemingly raising an as-applied constitutional challenge

to the mandatory detention provision without an individualized assessment, *id.* at 2-3. Respondents contend that Petitioner is not entitled to habeas relief because he failed to exhaust his administrative remedies prior to filing the Petition, and he cannot use the habeas process to bypass administrative review with the BIA. ECF No. 19 at 3. Petitioner asserts he need not exhaust his administrative remedies because it would be futile. ECF No. 3 at 6. He requests immediate release from detention or to be given a $1,500 bond ruling. *Id.*

## II. LEGAL STANDARD

### A. Habeas Corpus Relief

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020)). A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### B. Exhaustion of Administrative Remedies

Although 28 U.S.C. § 2241 does not contain an express exhaustion requirement, the Tenth Circuit recognizes that petitioners generally must exhaust available administrative remedies before requesting relief. *See Garza v. Davis*, 596 F.3d 1198,

1203 (10th Cir. 2010). That said, in the immigration context, "exhaustion of remedies is statutorily required only for appeals of final orders of removal." *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at * 3 (D. Colo. April 22, 2026) (quoting *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003)). "When Congress does not require exhaustion in the statute then the district court has discretion to decide if administrative exhaustion is not required by statute." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1181 (D. Colo. 2024). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate exhaustion is futile." *Garza*, 596 F.3d at 1203.

Section 1226(c)(1)(B) provides that the Attorney General "shall take into custody any alien who is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." Section 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." When a noncitizen is detained under § 1226(c), he may request a hearing before an Immigration Judge to assess whether he falls within the statutory parameters requiring mandatory detention. *See Demore v. Kim*, 538 U.S. 510, 514 (2003); *Matter of Joseph*, 22 I. & N. Dec. 799, 802-03 (BIA 1999). If the noncitizen receives an adverse ruling, he may appeal to the BIA for review. Such review is limited to whether the Immigration Judge correctly concluded that the respondent was or was not properly included in the mandatory detention scheme. *See Matter of Joseph*, 22 I. & N. Dec. at 804.

## III. ANALYSIS

### A. Exhaustion

In the Petition, Mr. Gallagher does not challenge the Immigraton Judge's determination that he would qualify for mandatory detention under § 1226(c) based on his criminal conviction in Florida. ECF No. 3 at 2. Rather, he argues that (1) DHS detained him prematurely, as he had not completed the noncustodial portion of his criminal sentence, and (2) he should be entitled to an individualized bond hearing due to his prolonged detention. *Id.* at 2-3. Because it is unlikely that such arguments could properly be presented to the BIA in the pending appeal, the Court respectfully declines to find that Petitioner failed to exhaust his administrative remedies. *See Matter of Joseph*, 22 I. & N. Dec. at 804. Additionally, even if exhaustion was required, exhaustion of administrative remedies here would likely be futile, as Petitioner is seemingly challenging the constitutionality of § 1226(c). *See Matter of R-A-V-P, Respondent*, 27 I. & N. Dec. 803, 804 n.2 (BIA 2020), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) ("[W]e do not have the authority to entertain constitutional challenges to the statutes and regulations we administer."). Thus, the Court will evaluate Petitioner's challenges to his detention.

### B. Claim 1: Illegal Premature Mandatory Detention

Section § 1226(c)(1) provides for the detention and custody of certain aliens and instructs that the Attorney General shall detain the noncitizen "when [he] is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again

for the same offense." 8 U.S.C. § 1226(c). The Supreme Court has acknowledged that the "when released" directive of § 1226(c) only applies "when there *is* a release" but it does not "speak to the timeline for arresting the few who had no stint in jail." *Nielson v. Preap*, 586 U.S. 392, 418 (2019). The Supreme Court concluded that, "both of subsection (c)'s mandates—for arrest and for release—apply to any alien linked with a predicate offense identified in subparagraphs (A)–(D), regardless of exactly when or even whether the alien was released from criminal custody." *Id.*

Based on the plain language of the statute and *Nielson*, Petitioner's argument that he was arrested prematurely is unavailing. Petitioner was never incarcerated for his criminal conviction, such that he was never "released." § 1226(c) does not limit when he could be detained for removal proceedings. *See id.* There is no requirement that Petitioner complete his non-custodial portion of his criminal sentence before being detained under § 1226(c). *See id.*

### C. Claim 2: Due Process and Prolonged Detention

Next, rather than challenge whether he qualifies for mandatory detention under § 1226(c), ECF No. 3 at 2 (acknowledging that his detention would be proper under the provision based on his conviction), Petitioner argues that his prolonged detention violates due process and warrants an individualized hearing to assess whether he is a flight risk or a danger to society. *Id.* at 3.

The Supreme Court has held that it is constitutional to detain individuals pursuant to § 1226(c) without a bond hearing during removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 303-04 (2018); *Denmore v. Kim*, 538 U.S. 510, 531 (2003);

*Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1192-93 (D. Colo. 2024). However, several federal courts have determined that, at some point, prolonged detention under § 1226(c) without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Martinez*, 760 F. Supp. 3d at 1193; *see, e.g.*, *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020) (holding that individuals detained under § 1226(c) may bring as-applied challenges to their detention based on its duration); *Reid v. Donelan*, 17 F. 4th 1, 7 (1st Cir. 2021) ("[W]e adhere to the notion that the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention" under § 1226(c) (citation and quotations omitted)); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) ("[W]e conclude that due process entitled Black and G.M. to individualized bond hearings by an [immigration judge] once their detentions became unreasonably prolonged."). The Tenth Circuit has yet to rule on this specific issue.

"Courts in this District and have applied a multi-factor balancing test to evaluate whether mandatory detention without an individualized bond hearing has become unconstitutionally prolonged." *Sheikh v. Choate*, No. 1:22-CV-01627-RMR, 2022 WL 17075894, at *3 (D. Colo. July 27, 2022). "That test considers:

> (1) the total length of detention to date;
> (2) the likely duration of future detention;
> (3) the conditions of detention;
> (4) delays in the removal proceedings caused by the detainee;
> (5) delays in the removal proceedings caused by the government; and
> (6) the likelihood that the removal proceedings will result in a final order of removal."

*Id.* "Where they have been detained under § 1226(c) for an unconstitutional length of time, a non-citizen is entitled to an individualized bond hearing." *Daley v. Choate*, No. 22-CV-

03043-RM, 2023 WL 2336052, at *3 (D. Colo. Jan. 6, 2023). Beyond noting the length of his continued detention, which began on February 11, 2026, Mr. Gallagher's petition does not address these factors, and the Court cannot make arguments on his behalf. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In *Martinez*, Judge Brimmer reasoned that the petitioner's twenty-one month detention "implicates the Due Process Clause." *Martinez*, 760 F. Supp. 3d at 1194. Judge Brimmer evaluated the parties' arguments with respect to each of the six factors and determined "[w]hen considered together, the factors favor Mr. Martinez." *Id.* at 1196. Similarly, in *Sheikh*, this Court evaluated the petitioner's mandatory detention and determined that (1) the total length of detention, "nearly 13 months," (2) "the indeterminacy of Petitioner's future detention," and (3) "the conditions of Petitioner's detention" weighed in favor of Petitioner's prolonged detention argument. 2022 WL 17075894, at *4. The *Sheikh* petitioner provided evidence that "individuals subjected to segregation were not treated with the care required under ICE detention standards and determined that the absence of outside recreation may reduce the mental health and welfare of people held in the Aurora facility." *Id.* The Court considered the remaining factors related to the petitioner's removal as neutral, given the parties had "not indicated what the likelihood is that the Government will be able to identify a country to which Petitioner may be removed." *Id.* Considering the totality of the factors, the Court determined that "[c]ontinued detention of Petitioner require[d] an individualized bond hearing before an IJ to comport with due process." *id.*

Here, Petitioner has failed to present comparable evidence for this Court to find the balancing test of weighs in favor of another individualized bond hearing. Petitioner

has not offered evidence to demonstrate indeterminacy of future detention or current detention conditions. Additionally, Petitioner has been detained for approximately eight months, as opposed to the twenty-one months in *Martinez* and thirteen months in *Sheikh*. Thus, the Court finds that, at this stage, the evidence in this case is insufficient to support the finding that Petitioner has been detained under § 1226(c) for an unconstitutional length of time.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that Mr. Gallagher's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 3, is **DENIED WITHOUT PREJUDICE and with leave to re-file**. Should Petitioner choose to file an amended petition, he must clearly set out his claims for relief and the legal grounds for each claim. His claims must be supported by meaningful argument and legal authority demonstrating why his requested relief is appropriate.

Any amended petition shall be filed on or before November 12, 2026. The response shall be filed by November 19, 2026, and any reply shall be filed by November 12, 2026. If no amended petition is filed by November 12, 2026, the Court will direct the Clerk of Court to terminate the case.

DATED: October 28, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court